ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MARÍA GEORGINA CHÉVERE MOURIÑO<br><br>Recurrido<br><br>v.<br><br>SALOMON LEVIS GOLDSTEIN<br><br>Peticionario | TA2025CE00042 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Número: BY2023RF00303<br><br>Sobre: Custodia – Monoparental o compartida y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de junio de 2025.

Comparece ante esta Curia el señor Salomón Levis Goldstein (peticionario) mediante el presente recurso de *certiorari,* acompañado de una *Moción en Auxilio de Jurisdicción.* Solicita la revocación de una *Orden* del Tribunal de Primera Instancia, Sala de Bayamón (TPI o foro primario), notificada el 7 de mayo de 2025, la cual fue objeto de reconsideración, así como la paralización de los procedimientos.[1] En el referido dictamen, el foro primario autorizó un embargo en su contra por la cantidad de $24,000.00, en ejecución de una partida de alimentos *pendente lite* adeudada.

Por los fundamentos que exponemos a continuación, declaramos no ha lugar a la *Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto solicitado.

## I.

La causa de epígrafe se originó, el 22 de febrero de 2023, con una demanda de divorcio que instó la señora María Georgina

---

[1] Mediante un dictamen, notificado el 27 de mayo de 2025, el TPI denegó el petitorio de reconsideración que instó el peticionario, el 21 de mayo de 2025. Entradas 434 y 437 de SUMAC.

Chévere Mouriño (recurrida) en contra del peticionario. Efectuados los trámites procesales correspondientes y celebrado el juicio, el TPI notificó su *Sentencia,* el 7 de septiembre de 2023. En lo pertinente a la orden de embargo objeto de este recurso, surge del referido dictamen que el foro primario ordenó al peticionario sufragar $24,000.00 a favor de la recurrida por concepto de pensión *pendente lite*, en o antes del 20 de septiembre de 2023. A esos fines decretó:

> [e]n cuanto a la solicitud de la demandante de remedios provisionales, se acogió la estipulación alcanzada por las partes y se dispuso el pago de la cantidad de $4,000.00 mensuales, retroactivo a febrero de 2023, pendente lite, a ser satisfecha por el demandado en un término de dos (2) semanas, al 20 de septiembre de 2023, por un pago total de $24,000.00 por seis (6) meses de retroactivo calculado.

Lo antes, al amparo del Artículo 454 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 6801, el cual establece que, una pensión alimentaria *pendente lite* es un remedio provisional a beneficio del cónyuge que no cuenta con recursos económicos suficientes para cubrir sus necesidades apremiantes y esenciales, con eficacia desde que se presentó la demanda de divorcio hasta que la disolución del matrimonio adviene final y firme.

En lo pertinente y al cabo de más de un (1) año, el foro primario celebró una vista de desacato, el 10 de febrero de 2025. Producto de lo anterior, mantuvo al peticionario en desacato, dejando en suspenso su arresto e ingreso, condicionado a que abone $15,000.00 a la deuda de alimentos a favor de sus hijos menores de edad, dentro del término de 24 horas. Surge de la *Minuta* de la referida vista que, el foro primario constató que la deuda por concepto de pensión *pendente lite* está pendiente.[2]

Asi las cosas y en atención a lo anterior, el 2 de abril de 2025, la recurrida instó una *Moción Informativa y Renovada Solicitud de Expedición de Mandamiento de Embargo,* al amparo de la Regla 51

---

[2] Entrada 391 en SUMAC.

de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 51.[3] Solicitó la emisión de una orden de embargo sobre los bienes del peticionario debido a su incumplimiento con el pago de la pensión *pendente lite* previamente impuesta mediante *Sentencia,* ascendente a $24,000.00.

En reacción, el 8 de abril de 2025, el peticionario instó una *Moción en Oposición a Solicitud de Orden de Embargo, en Oposición a Moción en Cumplimiento de Orden de 7 de abril de 2025 y de Reconsideración de Orden de Fecha 4 de abril de 2025.*[4] En ella, solicitó el término de diez (10) días calendarios para fundamentar su oposición al petitorio de la recurrida.[5]

El foro primario autorizó el término adicional y el peticionario instó una *Moción en Cumplimiento de Orden* en la cual expuso su postura y en esencia desglosó los pagos efectuados por concepto de pensión alimentaria, entre otros. A lo antes, la recurrida se opuso, el 23 de abril de 2025, mediante una *Oposición a "Moción en Cumplimiento de Orden".*

Evaluadas las posturas de las partes, el foro primario notificó la *Orden* recurrida mediante la cual dispuso lo siguiente:

> Vista la Moción para Solicitar Ejecución de Sentencia de la parte demandante en la que solicitó la ejecución de la sentencia dictada en este caso, cuya sentencia es final y firme y ejecutable al día de hoy, se declara la misma ha lugar.
>
> En dicha sentencia la parte demandada se obligó al pago de $24,000.00. La parte demandada ha incumplido con la sentencia por lo que adeuda a la peticionaria la cantidad de $24,000.00. El Alguacil debe proceder a embargar bienes para cubrir el pago de la sentencia. En específico bienes muebles, cuentas bancarias, cuentas de inversión, cuentas por cobrar y certificados de depósitos. Expídase por el Secretario de este Tribunal el correspondiente Mandamiento de Ejecución de Sentencia dirigido al Señor Alguacil de este Tribunal de Primera Instancia, Sala Superior de Bayamón para que proceda con lo aquí dispuesto.

---

[3] Entrada 406 en SUMAC.
[4] Entrada 411 en SUMAC.
[5] Entrada 408 en SUMAC.

En desacuerdo con lo anterior, y tras solicitar sin éxito un petitorio de reconsideración, el peticionario insta ante esta Curia el presente recurso, junto a una solicitud de auxilio de jurisdicción. En su recurso imputa al foro primario lo siguiente:

> Erró el TPI al expedir orden de embargo en ejecución de sentencia contra la parte demandada peticionaria por la suma de $24,000 cuando el demandado y peticionario aportó evidencia de haber efectuado pagos de estudios universitarios de un hijo en común de las partes para cubrir dichos estudios ya que la parte demandante recurrida no había efectuado el pago de dichos estudios, poniendo en riesgo los estudios universitarios de dicho hijo menor, sustituyendo el referido pago efectuado por el demandado peticionario los dineros que la demandante recurrida debió suministrar a la universidad donde cursa estudios dicho hijo menor, lo cual la demandante recurrida no hizo; y por otros argumentos de peso expuestos ante el TPI por el demandado peticionario, que el TPI ignoró o resolvió de forma contraria a derecho.

Hemos examinado con detenimiento el recurso sometido por el peticionario y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B)(5).

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá "cuando se recurra de una orden o resolución al amparo de las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. Sin embargo, por excepción, el foro apelativo intermedio podrá revisar una orden o resolución interlocutoria dictada por el tribunal de instancia cuando se recurra de la determinación en un caso de relaciones de familia, entre otros." (Nota omitida.) *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, **en casos de relaciones de familia**, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar

en consideración al evaluar si procede expedir el auto de *certiorari*. La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio, no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida como la etapa del procedimiento en la cual fue presentada. Lo anterior, a los fines de determinar si es la más apropiada para intervenir sin ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

Es norma reiterada que, el foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen que emitió el foro de instancia es abitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023).

**III.**

En el presente recurso sostiene el peticionario que erró el Tribunal de Primera Instancia al expedir una orden de embargo en ejecución de sentencia en su contra por la suma de $24,000 cuando a su entender efectuó pagos de estudios universitarios de un hijo en común de las partes para cubrir dichos estudios y otros relacionados a la pensión alimentaria.

Al entender sobre la causa surge que, el foro primario justipreció la solicitud de orden y mandamiento de embargo que presentó la recurrida, a la luz de la *Sentencia* final y firme previamente dictada. Mediante el referido dictamen el TPI autorizó una estipulación alcanzada entre las partes y en su consecuencia ordenó al peticionario el pago de $24,000.00, a favor de la recurrida, por concepto de pensión *pendente lite,* a razón de $4,000.00 mensuales, a ser satisfecho al 20 de septiembre de 2023. En consideración a lo anterior y transcurrido más de un año sin que el peticionario diera cumplimiento al referido dictamen, la recurrida solicitó la ejecución del dictamen final y firme. Notamos que pendiente lo antes, el foro primario atendió en particular asuntos atinentes a la pensión alimentaria en distinción a la deuda pendiente por concepto de la pensión *pendente lite.* Se desprende de la *Minuta* de la vista de desacato celebrada ante el TPI, el 5 de febrero de 2025, en la cual el foro primario atendió una solicitud de desacato en contra del peticionario por sus incumplimientos con la pensión alimentaria a favor de sus dependientes y, allí, además, hizo constar que "[q]ueda pendiente la deuda de la pensión *pendente lite.*"[6] La recurrida reiteró su petitorio y el foro primario concedió termino adicional al peticionario quien tuvo oportunidad para consignar y presentar su posición.

---

[6] Entrada 391 en SUMAC.

Dentro de su sana discreción el foro primario evaluó las posturas de las partes, tomando en consideración el derecho aplicable sobre la pensión *pendente lite* que es un remedio provisional, a favor del otro cónyuge, mientras se dilucida el pleito de divorcio, distinguible de la obligación alimentaria a favor de los hijos menores de edad, codificada en los artículos 653 al 657 del Código Civil de Puerto Rico de 2020, 31 LPRA secs. 7531-7535, y así notificó la *Orden* recurrida en la que destacó que el aquí peticionario se obligó al pago de $24,000.00 y no ha cumplido.

Luego de evaluar sosegadamente el recurso de epígrafe con particular atención al cuadro fáctico que surge del expediente digital del presente caso, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho al resolver como lo hizo.

Además, no identificamos fundamentos jurídicos que nos muevan a expedir el auto de *certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recurso o que constituyan un fracaso a la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

Por las razones que anteceden, declaramos no ha lugar a la *Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto de *certiorari* solicitado. Lo antes no prejuzga ni impide acciones posteriores que tengan bien de realizar cualquiera de las partes si alguna.

**IV.**

Por los fundamentos antes expuestos, declaramos No Ha Lugar a la *Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones